**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:22-CV-00105-DJH-CHL**

**BUZICK CONSTRUCTION, INC.,**  **Plaintiff,**

v.

**SULLIVAN & COZART, INC.,**  **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion to Compel and the Motion to Supplement filed by Plaintiff Buzick Construction, Inc. ("Plaintiff"). (DNs 90, 96.) Defendant Sullivan & Cozart, Inc. ("Defendant") has filed a Response. (DN 101.) Plaintiff has not filed a reply and the time to do so has passed. Therefore, these Motions are ripe for review. For the following reasons, Plaintiff's Motions (DNs 90, 96) are **GRANTED IN PART**.

**I.     Background**

    **A.     Factual Background**

This case concerns an allegation of patent infringement against Defendant by Plaintiff. (DN 1.) Both parties are businesses that perform construction work. (DN 1, at PageID # 2.) Construction is a highly competitive industry, and patented innovations can provide an advantage to companies that submit bids for projects. (DN 96, at PageID # 830.) Plaintiff uses a device patented under US Patent 8,109,394 ("Patented Device"). (*Id.*) The Patented Device uses a construction template ("jig") to assemble the wall units ("ricks") of a warehouse used for storing and aging barrels of whiskey ("rickhouses"). (*Id.* at PageID # 830-31.) The jig is mounted on a movable platform, such as a flatbed trailer. (DN 101, at PageID # 1468.) This movable platform allows workers to move the jig from one location of the job site to another. (*Id.*) Workers then

assemble ricks on top of the template, before a crane is used to lift the rick from the jig and place it within the rickhouse. (*Id.*)

Defendant also constructs rickhouses. To aid in construction, Defendant created a rick template out of scrap metal and mounted it on a concrete slab on-site. (DN 90-3, at PageID # 678.) Defendant has used this template (the "Accused Device") on four warehouse construction projects for Angel's Envy, a bourbon distiller. (DN 101, at PageID # 1469.) Defendant's use of the Accused Device is the basis for Plaintiff's claim of patent infringement.

### B.     Procedural History

Plaintiff propounded on Defendant seventy-six requests for production and twenty numbered interrogatories. (DNs 90-2, 90-3.) Defendant objected to most of these requests, and Plaintiff filed its Motion to Compel. (DN 90.) Plaintiff asked the Court to overrule Defendant's "boilerplate objections" as "insufficiently specific" in addition to ordering Defendant to provide complete, substantive answers to all discovery requests and produce all responsive documents within thirty days. (*Id.* at PageID # 496-97.) The undersigned conducted a telephonic status conference to discuss the new discovery issue. (DN 93.) During the conference, Defendant advised the Court that it provided amended responses to Plaintiff's discovery requests in the interest of reaching a compromise. (*Id.* at PageID # 822.) Defendant further advised the Court that it was unsure exactly as to what Plaintiff was asking for. (*Id.*) Therefore, to resolve this impasse, the Court ordered Plaintiff to e-mail Chambers, copying counsel for Defendant, explaining what Plaintiff was seeking in its discovery requests. (*Id.*) The Court further ordered Defendant to reply to Plaintiff's e-mail explaining its discovery position. (*Id.*)

Upon reviewing the parties' e-mails, the Court determined that the legal bases underlying the discovery issue had evolved, and thus ordered Plaintiff to supplement its original Motion to

2

Compel to reflect that. (DN 95.) The Court then gave Defendant a deadline to respond to Plaintiff's supplemental brief and permitted Plaintiff to file a reply to Defendant's response.

Plaintiff then filed its supplemental brief. (DN 96.) Defendant then filed its Response (DN 101), pointing out that it had provided Plaintiff with a privilege log in addition to supplemental discovery responses, neither of which Plaintiff had addressed. Even though the Court gave Plaintiff an opportunity to file a reply, it declined to do so. Therefore, the Court will now decide both Plaintiff's Motion to Compel (DN 90) and its Motion to Supplement. (DN 96.)

## II.  Discussion

### A.  Standard of Review

In patent cases, Federal Circuit precedent applies when deciding whether materials are discoverable if those materials relate to an issue of substantive patent law. *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294 (Fed. Cir. 2001). The Federal Circuit reviews discovery matters under the abuse of discretion standard. *Id.* (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1022 (Fed. Cir. 1986); *Cygnus Therapeutics Sys. v. ALZA Corp.*, 92 F.3d 1153, 1161 n.2 (Fed. Cir. 1996)). The court abuses its discretion when: (1) its decision is "clearly unreasonable, arbitrary or fanciful;" (2) its decision is based on an erroneous conclusion of law; (3) its findings are clearly erroneous; or (4) the record contains no evidence on which the district court rationally could have based its decision. *Heat & Control*, 785 F.2d at 1022 (internal citations omitted).

### B.  Plaintiff's Motion to Compel

The scope of discovery includes any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party seeking discovery may move for an order compelling an answer, designation, production, or

3

inspection if a party fails to answer an interrogatory submitted under Rule 33 or if a party fails to produce documents as requested under Rule 34. *Id.* 37(a)(3)(B).

### C. Defendant's Objections

Plaintiff argues that Defendant's "general and boilerplate objections" should be deemed waived. (DN 96, at PageID # 844.) General and boilerplate objections are indeed insufficient under the Federal Rules. Rule 34 requires parties to "state with specificity" the grounds for objecting "[f]or each item or category." Fed. R. Civ. P. 34(b)(2)(B). Rule 33 also requires parties to object with specificity. *Id.* 33(b)(4). The Court will address Defendant's objections.

#### 1.     Defendant's objections are not boilerplate.

A party that objects to an interrogatory or a request for production must state the grounds for its objection with specificity. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B). Boilerplate objections that merely state legal grounds for the objection without specifying deficiency or harm are plainly disallowed. *King v. Nw. Mut. Life Ins. Co.*, No. 3:24-CV-00737-RGJ, 2025 WL 2800007, at *7 (W.D. Ky. Sept. 30, 2025). Nor may parties produce documents "subject to" their objections without stating whether any responsive materials are being withheld based on that objection. Fed. R. Civ. P. 34(b)(2)(C).

Plaintiff identifies two types of objections that it deems to be boilerplate: objections based on overbreadth, and objections based on vagueness. (DN 90, at PageID # 491.) Regarding the latter, Defendant has revised its discovery responses to omit its objections based on vagueness with respect to RFPs No. 1-66. (DN 101-1.) Therefore, this issue is now moot with respect to those requests. As for RFP 70 and interrogatories 3-6, 10, 13, 15, and 19, the Court disagrees that Defendant's objections based on vagueness are boilerplate. (DNs 96-3, 96-5.) Instead, the Court finds that Defendant stated with specificity the terms it believed to be vague. In any event,

Defendant responded to these requests to the best of its understanding, except for RFP 70, and Plaintiff has not provided the Court with any reason to believe its understanding was incorrect. (DN 96-5.) Regarding RFP 70, Defendant did not provide any documents in response because it found the request to be "insolubly ambiguous," and the Court agrees with Defendant's assessment. (DN 101, at PageID # 1475.) While Plaintiff could have clarified the meaning of RFP 70, it appeared not to.

Regarding Defendant's objections based on overbreadth and undue burden, the Court finds that these objections are not boilerplate either. With each objection, Defendant stated why it believed the request sought an overbroad amount of information, providing Plaintiff with reasonable notice as to the grounds of its objection. Therefore, the Court does not find Defendant's overbreadth and undue burden objections to be waived.

However, the Court does take issue with Defendant's decision not to state that it has withheld documents because of its objections. In Defendant's response to RFP 7, Defendant states that "[a]ll responsive documents have been produced," but the Court has reason to question this statement. (DN 101-1, at PageID # 1498.) Rule 34 requires parties to "state whether any responsive materials are being withheld" based on their objections. Fed. R. Civ. P. 34(b)(2)(C). In Defendant's Response, it advises the Court that it has produced "documents … pertaining to the development, construction, and use of the Accused Device itself," "the construction bid documents it submitted to Angel's Envy," and "a summary of the costs and profits attributable specifically to its use of the Accused Device in its construction of warehouses for Angel's Envy." (DN 101, at PageID # 1478.) Absent from this list are "blueprints, budgets, descriptions, site plans, floor plans, elevation drawings, ventilation plans, specifications, measurements, engineering studies, change orders, raw material costs, labor costs, and project gross and net revenue" as requested by RFP 7.

5

(DN 101-1, at PageID # 1497.) The Court thus questions Defendant's assertion that it has produced all responsive documents and will order Defendant to revise its responses to describe with reasonable particularity the categories of documents it is withholding, if any.

### 2. Defendant's claims of privilege are proper.

Plaintiff also claims that Defendant's claims of privilege are impermissibly boilerplate. (DN 90, at PageID # 491.) Rule 26(b)(5)(A) provides a mechanism by which parties must claim that information is protected as privileged or trial preparation materials. Fed. R. Civ. P. 26(b)(5)(A). Parties must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that enables other parties to assess the claim. *Id.*

Here, Defendant asserts that it provided Plaintiff with a privilege log. (DN 101, at PageID # 1474.) Plaintiff does not contest that Defendant provided Plaintiff with a privilege log, nor does Plaintiff tell the Court why Defendant's privilege log is objectionable. Accordingly, the Court will uphold Defendant's claims of privilege.

### D. Sufficiency of Defendant's Responses

Plaintiff argues that Defendant's substantive responses are evasive and incomplete. (DN 90, at PageID # 492.) Under Rule 37, an evasive or incomplete response is considered a failure to respond. Fed. R. Civ. P. 37(a)(4). This rule prevents parties from reading discovery requests in an "artificially restrictive" manner to avoid disclosing responsive information. *Id.* 37(a) advisory committee's note to 1993 amendment. As such, an evasive or incomplete answer is grounds for an order to compel. *Id.* 37(a)(3)(B).

### 1. RFP 1-66

6

Regarding Defendant's amended responses to RFPs 1-66, Plaintiff does not provide the Court with any reason to hold them insufficient. In fact, Plaintiff does not address them at all. When assessing the sufficiency of a party's response, the Court can only consider what the parties have provided it. Thus, the Court finds Plaintiff's argument with respect to RFPs 1-66 to be moot, with just one exception: RFP 7.

In RFP 7, Plaintiff requested "[a]ll [d]ocuments and things relating to any rickhouse constructed by Sullivan & Cozart *using the Accused Device*." (DN 96-3, at PageID # 1041.) (emphasis added). In Defendant's Response, Defendant states that it produced: documents responsive to RFP 1, construction bid documents it submitted to Angel's Envy as part of the bidding process for the warehouses in question, and a summary of the costs and profits attributable specifically to its use of the Accused Device. (DN 101, at PageID # 1478.)

The Court finds Defendant's document production insufficient. The documents Defendant produced in response to RFP 1 consist of photographs of the Accused Device. (DN 101, at PageID # 1476.) It should be evident to Defendant that a photograph of the Accused Device is not a document relating to rickhouses constructed using the Accused Device, unless the photograph depicts the Accused Device constructing the rickhouse, which the Court does not have reason to believe it does. Furthermore, Plaintiff is correct that information concerning rickhouse construction would be relevant as to its infringement claim because evidence that an accused device obtains substantially the same result as the patented device will support a claim that the accused device is substantially equivalent to the patented device. *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 901-02 (Fed. Cir. 1984). As both the Patented Device and the Accused Device are designed to serve as construction templates for ricks, evidence of the result

7

of using the Accused Device (i.e., the rickhouses), would be probative as to whether the Accused Device obtains substantially the same result.

However, the Court agrees that the request, on its face, is overly broad. For instance, receipts as to the paint purchased by Defendant to paint the door of a rickhouse would not be relevant to Plaintiff's claims. Therefore, to strike an appropriate balance between what is relevant and what is overbroad, the Court will instruct Defendant to produce any blueprints, floor plans, specifications, measurements, or photographs relating to the rickhouses that are in its possession, custody, or control. The Court will not require Defendant to produce every conceivable document in its possession, but the Court will require Defendant to describe with sufficient particularity the categories of documents it is withholding.

Additionally, Plaintiff argues that "[f]inancial information related to Sullivan & Cozart's use of the device is relevant to damages calculations." (DN 90, at PageID # 496.) The Court agrees. An infringer of a patent is liable to the claimant for damages adequate to compensate for the infringement, but no less than a reasonable royalty for the use of the invention. 35 U.S.C. § 284. Patent laws do not allow for a recovery of the infringer's profits, except for design patents, which are not at issue here. *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 673 (Fed. Cir. 1988). But the infringer's profits may be relevant to estimate the claimant's lost profits. *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.*, 761 F.2d 649 (Fed. Cir. 1985). Lost profits may be an appropriate measure of damages when an infringer uses a patented device to compete in the same market, even when the patentee is not selling the patented product. *See Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996). But the Court also finds that Defendant has produced sufficient documents to satisfy this request. (DN 101, at PageID # 1478.) The construction bid documents should be enough for Plaintiff to calculate its damages.

8

### 2. RFPs 67-76

Regarding Defendant's responses to RFPs 67-76, Plaintiff takes issue with Defendant's assertions of work product protection, but again fails to address Defendant's privilege log. (DN 96, at PageID # 843.) Nor does Plaintiff provide the Court with any details necessary to assess Defendant's assertions of privilege. What did Defendant withhold? Why are such documents not privileged? Defendant presumably gave Plaintiff enough information to answer these questions, but Plaintiff does not address them. (DN 101, at PageID # 1474) ("In fact, S&C's privilege log – to which Buzick has raised no objection in its [M]otion to [C]ompel – lists a number of such privileged documents.") Nor is it enough to say, "these requests seek supporting documents, not attorney mental impressions." (DN 96, at PageID # 843.) Documents are well within the definition of work product materials. Fed. R. Civ. P. 26(b)(3)(A).[1] Thus, the Court finds Plaintiff's argument with respect to these RFPs to be unpersuasive.

Regarding Defendant's interrogatory responses, Plaintiff again provides the Court with a blanket, conclusory assertion that Defendant's responses are "evasive or incomplete." (DN 96, at PageID # 840.) However, Plaintiff only identifies interrogatory 7 as an example of Defendant's inadequate responses. (DN 96, at PageID # 843.) Plaintiff argues that Defendant's objection that the interrogatory seeks a legal conclusion is improper, and the Court agrees. Fed. R. Civ. P. 33(a)(2). Such "contention interrogatories" are generally permissible. *Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186, 198 (W.D. Ky. 2016). Defendant has also not provided the Court with any reason to order that these interrogatories need not be answered until discovery is complete or until a pretrial conference. Fed. R. Civ. P. 33(a)(2).

---

[1] The Court recognizes that the party withholding documents based on work product protection has the burden to prove that such documents are protected. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006). However, the Court cannot hold Defendant to this burden if the briefings do not provide Defendant with fair notice as to what documents are in dispute.

9

Nevertheless, the Court finds that Defendant's answer referring Plaintiff to its invalidity contentions is proper. To be sure, it is generally improper to answer contention interrogatories by referencing business records or electronically stored information. *See Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 515 (W.D. Ky. 2010) (holding that the defendant's "passing reference" to the existence of the administrative record was insufficient to answer interrogatory requesting facts to support the defendant's affirmative defense). It is also true that Rule 33(d) only permits parties to answer interrogatories by reference to business records, not litigation materials. *United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 595 (D.D.C. 2016). But the nature of Plaintiff's requests renders such a response necessary. Interrogatory 7 requests "[f]or each patent claim of the Patent-in-Suit that [y]ou contend is invalid under 35 U.S.C. § 103, describe in detail, on an element-by-element basis using a claim chart or its equivalent, the basis for [y]our contention that the invention is obvious, including any reason why a person of ordinary skill in the art at the pertinent time period would have combined the prior art in the way that [y]ou contend it can be combined." (DN 96-5, at PageID # 1098.) Defendant cannot be faulted for doing exactly that. (DN 101-2.)

However, Defendant's response to interrogatory 6 is improper. In response to interrogatory 6, Defendant answered, "[s]ubject to and without waiving these objections, Sullivan & Cozart refers Buzick to its Rule 26(a) disclosures as to witnesses with responsive knowledge as to design, development, and manufacturing of the Accused Device, as well as their particular positions at Sullivan & Cozart." (DN 90-3, at PageID # 679.) Rule 33(d) does not permit parties to answer interrogatories by reference to litigation materials. *Landis*, 317 F.R.D. at 595. As such, it is not proper for a party to refer to its Rule 26(a) disclosures as an answer to an interrogatory. The Court will thus order Defendant to revise its response accordingly.

### E. Attorneys' Fees

Under Rule 37, if a court grants a Motion to Compel in part, then the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the Motion. Fed. R. Civ. P. 37(a)(5)(C). Here, the Court does not find that Defendant should bear the expenses in prosecuting this motion. Therefore, the Court will order both parties to bear their own expenses relating to this motion.

### F. Order for Joint Status Report

The Court previously held the parties' deadlines in abeyance pending the resolution of the present discovery Motion. (DN 102.) Now that the Court has resolved this Motion, the Court will instruct the parties to meet and confer to jointly propose a new discovery schedule. The parties should confer as to what remains to be done in discovery and outline all outstanding issues. The parties should then file a joint status report, including their jointly proposed deadlines, and all outstanding discovery issues. If the parties disagree as to their new deadlines, they should advise the Court of such disagreement.

## III. Order

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion to Compel and the Motion to Supplement filed by Plaintiff Buzick Construction, Inc. are **GRANTED IN PART**. (DNs 90, 96.)

(1) **No later than February 27, 2026**, Defendant shall produce any blueprints, floor plans, specifications, measurements, or photographs relating to the rickhouses that are in its possession in response to RFP 7. Defendant shall further revise its discovery responses to indicate whether it is withholding any responsive information because of its objections and describe with

11

reasonable particularity the category of documents to be produced. Defendant shall also revise its response to interrogatory 6 in accordance with the instructions in this Order.

(2) **No later than February 27, 2026**, the parties shall file their new jointly proposed discovery schedule. The parties should also meet and confer to discuss what issues remain in discovery and include such issues along with their jointly proposed schedule.

January 20, 2026

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

12